USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/26/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
BRYAN VELAZQUEZ, on behalf of himself and  :
all others similarly situated,                       :          22-CV-7534 (VEC)
                            Plaintiffs,              :
            -against-                                :          ORDER
                                                     :
                                                     :
MELLOW MONKEY, LLC,                                  :
                                                     :
                            Defendant.      X
--------------------------------------------------------------

VALERIE CAPRONI, United States District Judge:

　　　　WHEREAS on September 2, 2022, Plaintiffs sued Mellow Monkey, LLC alleging that Plaintiffs were "denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Website in New York County" in violation of the Americans with Disability Act ("ADA") and the New York City Human Rights Law ("NYCHRL"), Dkt. 1;

　　　　WHEREAS to establish constitutional standing, a plaintiff must adequately allege (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992) (internal quotation marks omitted);

　　　　WHEREAS the Court may raise the question of standing *sua sponte* because standing is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction, *see Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005);

WHEREAS a plaintiff bringing a claim pursuant to the ADA has standing to sue for injunctive relief if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013); a plaintiff must plausibly allege "a real and immediate threat of future injury" for his or her complaint to meet the third prong, *Calcano v. Swarovski et al.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted);

WHEREAS in *Calcano*, the Second Circuit held that "Plaintiffs' conclusory, boilerplate allegations" that they were injured by Defendants' failure to accommodate plaintiffs with alleged disabilities under the ADA "fail to establish standing," *id.* at 71; and

WHEREAS the allegations in the complaint in this action likely fail adequately to allege standing, as they are just as, if not more, conclusory as the allegations in the complaints at issue in *Calcano*;

IT IS HEREBY ORDERED that Plaintiffs must show cause for why the complaint should not be dismissed for lack of standing or request leave from the Court to amend the complaint not later than **Monday, October 3, 2022**.

**SO ORDERED.**

**Date:  September 26, 2022**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**